UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jaquwez Johnson, #369642, | ) | No. 4:24-cv-0178-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| John Palmer, Thomas Robinson, | ) | |
| T. Thomas, Ms. McCroy, | ) | |
| Defendants. | ) | |

This is an action filed by a state prisoner. This case is before the Court due to Plaintiff's failure to comply with the magistrate judge's January order to submit completed service documents. (ECF No. 7). The order was not returned as undeliverable. Thus, it is presumed that Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order. The Court has not received a response from Plaintiff and the time for compliance has passed. A review of the record indicates that the magistrate judge specifically informed Plaintiff that if Plaintiff failed to comply with the Order, this case would be subject to dismissal.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;
(2) the amount of prejudice to the defendant caused by the delay;
(3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id*. at 95–96. Here, the

factors weigh in favor of dismissal. As Plaintiff is proceeding pro se, he is personally responsible for his failure to comply with the court's orders or to advise the court of a change in address. Plaintiff was specifically warned that his case would be subject to dismissal for failure to comply and that the failure to update his address would not be an excuse for missing a deadline. The court concludes that Plaintiff's lack of response to the orders indicates an intent to not prosecute this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, as Plaintiff was warned that failure to respond or comply would subject his case to dismissal, the court concludes that dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Anderson, South Carolina                    /s Timothy M. Cain
March 13, 2024                              United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2